**BERKMAN, HENOCH, PETERSON**
**PEDDY & FENCHEL, P.C.**
Proposed Attorneys for the Debtor and
Debtor-in-Possession
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Bruce D. Mael (BDM 8038)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                          Chapter 11

      LCD HOLDING CORP.,                          Case No.

                          Debtor
--------------------------------------------------------X

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK}
                  ss:
COUNTY OF NEW YORK}

      VINCENT LONGOBARDI, being duly sworn, deposes and says:

      1. I am the President of LCD Holding Corp., the Debtor in the above-captioned Chapter 11

proceeding ("Debtor"). This affidavit is submitted pursuant to Rule 1007-2 of the Local Bankruptcy

Rules of the United States Bankruptcy Court for the Southern District of New York. All information

contained herein is as of September 13, 2010, except as noted otherwise.

      2. The Debtor, a privately held corporation, was formed in 2005 and is engaged in the

business of purchasing, owning, holding, selling, developing, finance, investing in, managing and/or

otherwise operating real property. The Debtor generally acquires properties in need of repair,

renovates them and then sells them. While the Debtor was able to finance the purchases, the

Debtor's financing prospects later disappeared, most likely due to the commercial lending

environment prevailing at the time. The result was that the Debtor was rendered unable to fund the rehabilitation and repair of its properties in a timely fashion, resulting in stop work orders from the City of New York, lawsuits from suppliers of materials, as well as various other lawsuits in different fora. As a result, the Debtor filed the instant petition in order to consolidate its debt and deal with its creditors in a single forum.

      3. The names and addresses of the Debtor's twenty largest unsecured creditors, including the amount and nature of each of the claims is attached to the petition and is fully set forth in the Debtor's Schedule "F".

      4. The Debtor's secured creditors, including the amount of such claims and the nature and value of the collateral securing such claims, are set forth in the Debtor's Schedule "D".

      5. The Debtor's assets are fully set forth in Debtor's Schedules "A" and "B", with an approximate aggregate value of $2,061,359.00. The Debtor's liabilities consist of secured debt in the approximate amount of $952,358.00, unsecured priority claims in the approximate amount of $ 128,000.00, and general unsecured debt in the approximate amount of $871,000.00.

      6. None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, except certain escrow funds which are still being held by various escrow agents.

      7. The Debtor's property consists of various parcels of real property, which constitute the Debtor's substantial assets and all of which are set forth on Debtor's Schedule "A".

      8. A complete list of the actions and/or proceedings pending against the Debtor as of the filing date is set forth in Item 4(a) of the Debtor's Statement of Financial Affairs.

      10. The Debtor's senior management consists of the following people:

          Vincent Longobardi - President

Edward Doran - Vice-President

11.  The estimated amount of monthly payroll to employees, exclusive of officers and directors, for the 30-day period following the filing of the Chapter 11 petition is approximately $0.00.

12.  The estimated amount of monthly payroll to officers and directors of the Debtor for a period of thirty (30) days following the filing of the Chapter 11 petition herein is $0.00.

13.  The Debtor's estimated operating expenses for the 30-day period following the filing of the Chapter 11 petition is approximately $0.00.  The estimated gain in the operation of the business for the same period following the filing of the Chapter 11 petition herein is approximately $0.

14.  The information contained herein is true and correct to the best of my knowledge.

LCD HOLDING CORP.

By: _____
Vincent Longobardi, President

Sworn to before me this
13th day of September, 2010

_____
NOTARY PUBLIC

BRUCE D. MAEL
Notary Public, State of New York
No. 02MA4971504
Qualified in Nassau County
Commission Expires September 4, 2014

O:\BHPP Department Data\Bankruptcy Department Data\Bruce Mael\LCD\local rule afd.wpd